**Tagged Opinion**



**ORDERED in the Southern District of Florida on March 25, 2011.**

                                                              John K. Olson, Judge
                                                              United States Bankruptcy Court

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re:**

      **Pink Moon Enterprises, LLC**,

             Alleged Debtor.
_____/

Case No. 11-16907-JKO

Involuntary Chapter 11

### Order Granting Motion for Relief from the Automatic Stay [ECF No. 7]

The Chapter 11 Involuntary Petition which initiated this case was filed on March 16, 2011 by petitioning creditor Philip McFillin, Sr. The Alleged Debtor's landlord (Deerfield 21 Corporation) filed an Emergency Motion for Relief from the Automatic Stay on March 22, 2011. *See* [ECF No. 7]. I conducted an expedited hearing on March 24, 2011 at 10:30 a.m. because the allegations in the lift-stay motion invoked issues of public safety. Deerfield 21 Corporation appeared at the hearing via counsel, and Philip McFillin, Sr. appeared by phone. Mr. McFillin is not only the sole petitioning creditor here, but also the sole registered agent and managing member of the Alleged Debtor. Mr. McFillin stated that he filed this involuntary petition against his own company rather than filing a Chapter 11 Voluntary Petition because, essentially, he did not know what he was doing.

1

*Legal Issue*

The movant cites to conflicting published opinions within this district regarding whether the automatic stay goes into effect immediately upon the filing of an involuntary petition. *See* [ECF No. 7], at 5 (citing *In re Chira*, 353 B.R. 693, 720 (Bankr. S.D. Fla. 2006) (Olson, J.) (holding without discussion that the stay went into effect upon the filing of the involuntary petition); *In re Acelor*, 169 B.R. 764 (Bankr. S.D. Fla. 1994) (Cristol, J.) (comparing the language of 11 U.S.C. §§ 301, 302, and 303 and holding that the stay does not go into effect immediately upon the filing of an involuntary case). Section 362(a) of the Bankruptcy Code[1] provides that, "[e]xcept as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities . . . " Further, section 362(n)(2)(A) explicitly provides that § 362(a) applies in involuntary cases where there is no § 362(n)(1) small business debtor gamesmanship. I accordingly find that, as a general rule, unless an exception applies, the filing of an involuntary petition under § 303 immediately imposes the automatic stay under § 362(a).

*Factual Issue*

The only evidence presented at the March 24th hearing was that the present condition of the leased premises poses a threat to public safety because, *inter alia*, there is no power, emergency lighting is inoperative, lack of air conditioning poses imminent threat of mold, etc. The movant accordingly argued that its certificate of occupancy faces possible suspension or revocation. Because Mr. McFillin was unable to controvert the evidence presented, it is accordingly **ORDERED** as follows:

1. Deerfield 21 Corporation's stay relief motion **[ECF No. 7]** is **GRANTED**;

---

[1] 11 U.S.C. §§ 101, *et seq.*

2. The Fed. R. Bankr. P. 4001(a)(3) fourteen-day stay is waived, the automatic stay is lifted effective immediately, and the landlord may immediately continue prosecuting the action against the Alleged Debtor that it commenced in the Broward County Circuit Court (Case No. 11-02428 (09)) up to and specifically including seeking a writ of possession concerning the leased premises and evicting the Alleged Debtor from the premises;

3. The automatic stay shall otherwise remain in effect as to all other creditors of the Alleged Debtor.

# # #

*The Clerk of Court is directed to provide copies of this order to all registered interested parties.*